UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TYSHAWN BALDWIN, ROBERT THOMPSON and CHARLES MURRAY,

                    Plaintiffs,

-against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10, individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

      Plaintiffs TYSHAWN BALDWIN. ROBERT THOMPSON and CHARLES MURRAY, (collectively, "plaintiffs") by their attorney, Robert Marinelli, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 1343, and 1367.

## VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

`

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiffs are and at all times relevant herein are residents of Kings County, New York.

7.      Defendant CITY OF NEW YORK ("City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, defendant CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, JOHN AND JANE DOE 1 through 10, were duly sworn officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**STATEMENT OF FACTS**

12. On June 23, 2018, Tyshawn Baldwin and Charles Murray were lawfully in the vicinity of at 140A Lexington Avenue in Brooklyn, New York. Thompson's six-year-old son was also present.

13. Although plaintiffs were not breaking any law, defendants approached plaintiffs and placed them in handcuffs.

14. After a thorough search, the defendants did not find any contraband or weapons on any plaintiff.

15. Although officers had no reason to suspect that plaintiffs were concealing contraband or involved in criminal activity, they arrested them and took them to the precinct.

16. Plaintiffs were then placed in holding cells, transported to Central Booking, arraigned and released. Plaintiffs were charged with, amongst other things, loitering, attempted tampering with evidence and Promoting Gambling.

17. Plaintiffs were each held for approximately twenty-four hours. Ultimately all charges against each plaintiff were dismissed.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest)

18. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

19. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States by placing plaintiffs under arrest without probable cause.

20. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A SECOND CAUSE OF ACTION
(Unreasonable Search)

21. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

22. Defendants unreasonably searched plaintiffs thereby causing plaintiffs to suffer emotional distress, embarrassment, humiliation, and loss of privacy.

23. Defendants violated the Fourth and Fourteenth Amendments due to their unreasonable search.

24. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

25. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

26. Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

27. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments. Plaintiff repeats and realleges each and every allegation as if fully set forth herein. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution)

28. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

29. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

30. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Denial of the Right to a Fair Trial)

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The individual defendants created false evidence against Plaintiff.

33. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

34. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION

### *Monell*

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

38. Upon information and belief, the municipal defendant was on notice prior to May 16, 2015, that the individual defendants had a history of engaging in misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

39. Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

40. Notwithstanding the litany of complaints concerning the defendants' prior misconduct, the City of New York continued to employ the defendants without any change in their status.

41. Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that they would not engage in such blatant misconduct.

42. The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

43. Such actions by the City of New York are a reflection of the municipal defendant's repeated an untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

44. These actions further reflect a policy, custom, and practice, or a ratification through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually,

7

a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

45. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

46. The City's failure to act in the fact of overwhelming evidence that the defendants were prone to misconduct against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

47. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

- A. full and fair compensatory damages in an amount to be determined by a jury;
- B. punitive damages against the individual defendants in an amount to be determined by a jury;
- C. reasonable attorneys' fees and the costs and disbursements of this action; and
- D. such other and further relief as appears just and proper.

DATED:     December 26, 2018
           New York, New York

                                                              /s_____
Robert Marinelli, Esq.
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

*Attorney for Plaintiffs*