UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TYSHAWN BALDWIN, ROBERT THOMPSON and CHARLES MURRAY,

                                  Plaintiffs,

-against-

CITY OF NEW YORK Lt. RYAN GILLIS, Sgt. NICKO SINGKUAN, P.O. MICHAEL ZWEIFLER, P.O. ANTONIO ZORRILLA, Sgt. JOSEPH KOSEK, P.O. THOMAS BAY, P.O. ETHAN COOLEY, P.O. ARNOLD CHOW, P.O. CLEEFORD FRANKLIN, and JOHN and JANE DOE 1 through 10, individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

<u>Jury Trial Demanded</u>

18-CV-7366 (NG)(SMG)

Plaintiffs TYSHAWN BALDWIN. ROBERT THOMPSON and CHARLES MURRAY, (collectively, "plaintiffs") by their attorney, Robert Marinelli, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 1343, and 1367.

## VENUE

1

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs are and at all times relevant herein are residents of Kings County, New York.

7. Defendant CITY OF NEW YORK ("City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, defendant CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, Lt. Ryan Gillis ("Gillis"), Sgt. Nicko Singkuan (Singkuan"), P.O. Michael Zweifler ("Zweifler"), P.O. Antonio Zorrilla ("Zorilla"), Sgt. Joseph Kosek ("Kosek"), P.O. Thomas Bay ("Bay"), P.O. Ethan Cooley ("Cooley"), P.O. Arnold Chow ("Chow"), P.O. Cleeford Franklin ("Franklin"), JOHN AND JANE DOE 1 through 10, were duly sworn officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the City of New York.

      11.     Each and all of the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**STATEMENT OF FACTS**

12. On June 23, 2018, Tyshawn Baldwin and Charles Murray were lawfully in the vicinity of at 140A Lexington Avenue in Brooklyn, New York. Thompson's six-year-old son was also present.

13. Although plaintiffs were not breaking any law, defendants, including Gillis, Singkuan, Zweifler, Zorrilla, Bay, Cooley, Chow, and Franklin, approached plaintiffs and placed them in handcuffs. Those defendants not directly participating in plaintiffs' arrests did not, despite having the opportunity to do so, prevent their colleagues' unlawful actions.

14. Upon information and belief, Kosek also falsely claims to have seen plaintiffs engaging in unlawful behavior.

15. Upon searching plaintiffs, the defendants found neither contraband nor weapons.

16. Although defendants had no reason to suspect that plaintiffs were involved in criminal activity, they arrested them and took them to the precinct.

17. Plaintiffs were then placed in holding cells, transported to Central Booking, arraigned and released. Plaintiffs were charged with, amongst other things, loitering, attempted tampering with evidence and Promoting Gambling.

18. Plaintiffs were each held for approximately twenty-four hours and utimately all charges against each plaintiff were dismissed.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest)

19. Plaintiff repeats, reiterates, and realleges each and every allegation with the same force and effect as if fully set forth herein.

20. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States by placing plaintiffs under arrest without probable cause.

21. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A SECOND CAUSE OF ACTION
(Unreasonable Search)

22. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

23. Defendants unreasonably searched plaintiffs thereby causing plaintiffs to suffer emotional distress, embarrassment, humiliation, and loss of privacy.

24. Defendants violated the Fourth and Fourteenth Amendments due to their unreasonable search.

25. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

26. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

27. Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

**28.** Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution)

1. Plaintiffs repeat, reiterate, and reallege each and every allegation with the same force and effect as if fully set forth herein.

2. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that no basis existed for plaintiffs' arrests, yet defendants continued with the prosecutions, which were resolved in plaintiffs' favor.

3. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

4. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Denial of the Right to a Fair Trial)

5. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

6. The individual defendants created false evidence against Plaintiffs.

7. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

8. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

9. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

A. full and fair compensatory damages in an amount to be determined by a jury;

B. punitive damages against the individual defendants in an amount to be determined by a jury;

C. reasonable attorneys' fees and the costs and disbursements of this action; and

D. such other and further relief as appears just and proper.

DATED:   May 21. 2019
         New York, New York

                                            /s
                                    Robert Marinelli, Esq.
                                    305 Broadway, Suite 1001
                                    New York, New York 10007
                                    (212) 822-1427

                                    *Attorney for Plaintiffs*