

| JAMES JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | SAMANTHA J. PALLINI<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2641<br>fax: (212) 356-1148<br>spallini@law.nyc.gov |
|---|---|---|

November 12, 2019

**VIA ECF**
Honorable Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Tyshawn Baldwin, et al. v. City of New York, et al.
             18 CV 7366 (NG) (SMG)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James Johnson, Corporation Counsel of the City of New York, and the attorney representing Defendants City of New York, Lieutenant Ryan Gillis, Sergeant Nicko Singkuan, Sergeant Joseph Kosek, Police Officer Michael Zweifler, Police Officer Antonio Zorrilla, Police Officer Arnold Chow, Police Officer Ethan Cooley, Police Officer Cleeford Franklin, and Police Officer Thomas Bay in the above-referenced matter. For the reasons set forth below, Defendants respectfully submit this motion to compel Plaintiffs to produce a copy of their criminal defense files as related to the underlying arrest and prosecution by a date certain set by the Court. As the Court may recall, discovery in this matter is currently scheduled to close on November 15, 2019. Pursuant to Federal Rule of Civil Procedure 37, Defendants further certify that the undersigned attempted on several occasions to confer in good faith to resolve this issue prior to seeking the Court's intervention.

      By way of background, Plaintiffs Tyshawn Baldwin, Robert Thompson, and Charles Murray (hereinafter "Plaintiffs") are suing, *inter alia*, for false arrest in connection with their June 23, 2018 arrests in Brooklyn, New York.

**A. Background**

      In Defendants' April 5, 2019 First Set of Interrogatories and Request for Production of Documents (hereinafter, "Initial Discovery Demands"), Defendants' Document Request No. 21 demanded that plaintiffs "Produce the entire file, including but not limited to documents, videos, and audio recordings, by any and all attorneys who represented plaintiff Robert Thompson in the

criminal matter, Docket No. CR-029426-18KN, including all appeals, motions, and petitions filed on plaintiff Thompson's behalf."[1]

On or about May 16, 2019, Plaintiffs objected to Defendants' Initial Discovery Demands and specifically objected to Document Request Nos. 20, 21, and 22 on the grounds that these requests were purportedly "overly broad in time and scope, . . . unduly intrusive and harassing, and because it seeks information that is otherwise private and confidential. Plaintiffs are in possession of no responsive documents."

On June 19, 2019, Defendants served Plaintiffs with a deficiency letter noting that Plaintiffs' objections lacked specificity, in contrast to what is required by the 2015 amendments to the Federal Rules of Civil Procedure, and further informed Plaintiffs of the Second Circuit's repeated holding that control of documents only requires that a party has the practical ability to obtain the documents and, thus, any documents held by a party's former or current counsel are within a party's possession, custody, and control. Accordingly, Defendants requested that Plaintiffs produce the requested documents by June 28, 2019.

In response, on July 10, 2019, Plaintiffs supplemented their Initial Objections to Document Request Nos. 20, 21, and 22 to include objections that the "documents requested are work-product, and to the extent (sic) any document is not work product, all relevant documents, i.e., those produced by NYPD, the Kings County District Attorney and/or any court which heard this action, are already in defendants' possession and have been disclosed by defendants in their discovery responses."

Thereafter, discovery continued to proceed, and on September 27, 2019, Defendants deposed Plaintiff Robert Thompson. During that deposition, Plaintiff Thompson testified that he had retained Mr. Marinelli—Plaintiff's counsel in this action—as his attorney for the latter portion of his criminal proceedings pertaining to his June 23, 2018 arrest. Accordingly, on October 3, 2019, Defendants again requested that Plaintiffs produce a copy of the related criminal defense files of Plaintiffs. In that correspondence, Defendants specifically requested that, by October 17, 2019, Plaintiffs produce an exact copy of the documents as they appear in the criminal defense files,[2] and further requested that, to the extent Plaintiffs seek to redact or withhold any portion of the file on privilege grounds, Plaintiffs provide a privilege log in compliance with Federal Rules of Civil Procedure Rules 26 and 34.

Having received no response from Plaintiffs, on October 22, 2019, Defendants contacted Plaintiffs' counsel, provided a courtesy copy of Defendants' October 3, 2019 letter, and stated

---

[1] Defendants also requested same from Plaintiff Tyshawn Baldwin in Document Request No. 20 and from Plaintiff Charles Murray in Document Request No. 22. The undersigned will be referring to all three requested files as the "criminal defense files" throughout this letter.

[2] As noted above, in the July 10, 2019 correspondence, Plaintiffs' counsel asserted an objection on the grounds that defendants may already be in possession of some of the documents in the criminal defense file. At no point, however, did Plaintiffs' counsel identify the specific purportedly duplicative documents.

that, to date, Defendants had not received a response to the October 3rd letter. The undersigned further notified Plaintiffs' counsel that Defendants intended to move to compel if they did not receive the requested documents and information by Thursday, October 24, 2019. Thereafter, on October 22, 2019, Defendants received a response from Plaintiffs, wherein Plaintiffs stated that Plaintiff Thompson's criminal defense file contains only a copy of the criminal complaint and that, because Plaintiff provided Defendants an executed 160.50 release, "defense counsel can obtain these files as easily as plaintiffs' counsel. Anything additional that may exist, beyond what police documents which have been mutually disclosed, or contained in the CCRB file, would constitute work produce or attorney-client communication." Plaintiff failed to provide any information regarding Plaintiffs Murray and Baldwin. In addition, despite Defendants' repeated request, a privilege log was also never provided.

On October 25, 2019, the undersigned once again contacted Plaintiffs' counsel to request that Plaintiffs produce, by October 30, 2019, a privilege log for any withheld documents and again requested a copy of the criminal defense files for each of the three Plaintiffs. Therein, Defendants also reiterated Plaintiffs' obligation pursuant to Federal Rule of Civil Procedure 26(b)(5) to provide a privilege log and again requested an exact copy of the documents as they appear in the criminal defense file. Once again, the undersigned notified Plaintiffs of Defendants' intention to move to compel if the information was not produced. Defendants received no response to this request.

Finally, on November 6, 2019 and November 8, 2019, Defendants contacted Plaintiffs' counsel to request production of the criminal defenses; the undersigned again warned Plaintiffs of Defendants' intention to move to compel. Plaintiffs' counsel responded on November 8, 2019 that Plaintiffs "do not possess them and if [Plaintiffs] did, there could be nothing which we do not already have. Moreover, defendants have been provided 160.50 releases making the files equall[y] acce[ssible] to both parties." To date, Defendants have received neither the criminal defense files, nor privilege logs concerning the criminal defense files.

**B. Plaintiffs' Obligation to Produce Documents and/or a Privilege Log**

Plaintiffs allege in the First Amended Complaint that they were each charged in criminal court with and prosecuted on gambling and/or loitering-related offenses in connection with their June 23, 2018 arrests and that all charges were eventually dismissed. (Complaint, Civil Docket Entry No. 1, at 4.) Thus, Plaintiffs brought suit for false arrest, unreasonable search, failure to intervene, malicious prosecution, and denial of the right to a fair trial. (Complaint, Civil Docket Entry No. 1, at 4-7.) In consequence, Plaintiffs' criminal defense files in connection with their June 23, 2018 arrests are not only relevant, but central, to their allegations and claims.

With respect to Document Request Nos. 20, 21, and 22, "control of documents does not require legal ownership or physical possession; all that is required is that the party has the right, authority, or practical ability to obtain the documents at issue." Johnson v. Riverhead Cent. Sch. Dist., No. 14-cv-7130 (DRH) (AKT), 2016 U.S. Dist. LEXIS 115178, at *20 (E.D.N.Y. Aug. 26, 2016) (citing Gruss v. Zwirn, 296 F.R.D. 224, 230 (S.D.N.Y. 2013) (citation omitted)). In the Second Circuit, "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's possession, custody and control." Johnson v. Askin Capital Mgt., L.P., 202 FRD 112, 114 (S.D.N.Y. 2001); see, e.g., Cicel (Beijing) Science &

- 3 -

Tech. Co. v Misonix, Inc., 331 FRD 218, 236 (E.D.N.Y. 2019) ("documents held by outside counsel are in the possession, custody, and control of their clients") (quoting Johnson, 2016 U.S. Dist. LEXIS 115178, at *6). Here, the files of Plaintiffs' criminal defense attorneys are Plaintiffs' property, thus Plaintiffs have the right and the practical ability to obtain the files. Accordingly, the criminal defense files are within Plaintiffs' control. Additionally, as aforementioned, Mr. Marinelli was retained as Plaintiff Thompson's criminal defense attorney for the latter portion of Plaintiff Thompson's criminal proceedings, thereby indicating that Mr. Marinelli likely has possession, custody, and/or control of at least part of the relevant criminal defense file of Plaintiff Thompson.

In addressing Plaintiffs' objections on the grounds that the criminal defense files are already in Defendants' possession or have already been produced via documents that Defendants produced in discovery, this is obviously not the case, as Defendants do not have possession, custody, or control over Plaintiffs' criminal defense files and, thus, could not have produced them to Plaintiffs. Furthermore, as to Plaintiffs' objections on the grounds that such documents are private, confidential, and/or privileged, Plaintiffs nevertheless have an obligation pursuant to Federal Rule of Civil Procedure 26(b)(5) to "expressly make the claim [of privilege]" and then to "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . [that] will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). To the extent that Plaintiffs are withholding or redacting any documents, Plaintiffs are required to produce a privilege log pursuant Federal Rule of Civil Procedure 26(b)(5). To date, no such privilege log has been provided.

**C. Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court compel Plaintiffs to produce the criminal defense files and/or applicable privilege logs of the criminal defense files of Plaintiffs Robert Thompson, Tyshawn Baldwin, and Charles Murray by a date certain set by the Court. To the extent the Court is inclined to grant Defendants' application, Defendants respectfully request a 30-day extension of discovery, from November 15, 2019 to December 16, 2019, for the sole purpose of discovery related to the criminal defense files and the deposition of Plaintiff Tyshawn Baldwin.[3]

---

[3] The undersigned has conducted the depositions of the other two plaintiffs, however, at the most recent plaintiffs' deposition, on October 17, 2019, Plaintiff Murray testified that he was in possession of a video of the incident which had not yet been produced to Defendants. As such, Defendants did not want to proceed with the final Plaintiff's deposition until that video was produced. After requesting the video on several occasions, Plaintiffs' counsel produced a copy of same to the undersigned on November 6, 2019. At this juncture, counsel need to confer regarding a mutually agreeable date for Mr. Baldwin's deposition.

- 5 -

Defendants thank the Court for its consideration herein.

Respectfully submitted,

Samantha J. Pallini
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Robert Marinelli, Esq. (by ECF)
*Attorney for Plaintiffs*
305 Broadway, Suite #1001
New York, New York 10007