

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN ZAPERT**
*Senior Counsel*
Phone: (212) 356-2354
Fax: (212) 356-3509
bzapert@law.nyc.gov

June 2, 2021

**VIA ECF**
Honorable Nina Gershon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Tyshawn Baldwin, et al. v. City of New York, et al.</u>
            18 CV 7366 (NG) (JRC)

Your Honor:

      On behalf of defendants Lt. Ryan Gillis, Sergeant Joseph Kosek, Police Officers Nicko Singkuan, Michael Zweifler, Antonio Zorrilla, Thomas Bay, Ethan Cooley, Arnold Chow, Cleeford Franklin, and the City of New York, I am writing to request a pre-motion conference in anticipation of moving for summary judgment dismissing plaintiffs' claims for malicious prosecution and denial of a right to fair trial. Plaintiffs have agreed to drop all claims against Police Officers Cooley, Chow, Franklin, and Singkuan.

Factual Background:

      Plaintiffs assert the following against all of the named defendants; a (i) false arrest claim (ii) an unreasonable search claim for searches of their person and of Murray's car (iii) a claim for failure to intervene; (iv) a claim of malicious prosecution and (v) a claim of denial of a right to fair trial.

      On June 23, 2018, at approximately 5:10pm Sgt. Joseph Kosek observed three individuals playing dice on a public street. He parked his car nearby and began to observe the individuals and saw the individuals throwing dice, exchanging cash, and drinking from what appeared to be a bottle of liquor. Sgt. Kosek called Lt. Gillis on his cell phone to inform him of the activity and requested a response.

      Lt. Gillis, PO Zorrilla, and PO Zweifler drove to the scene with their body worn cameras on. Once there, the officers approached Baldwin, Murray, and non-party Keshaun Richardson who when asked to produce a form of ID claimed they did not have any form of identification.

Sgt. Kosek confirmed to Lt. Gillis over the phone that Baldwin, Murray, and Richardson were the individuals who he had seen gambling and the three were placed in handcuffs. While the arrests were occurring, Thompson approached the scene, opened the door of a nearby Charger, reached inside, and then locked the vehicle and walked away.

At this moment Officers Franklin and Bay arrived on the scene and Lt. Gillis directed Officer Bay to arrest Thompson. Lt. Gillis believed that Thompson had hidden the dice that the individuals had been gambling with in the vehicle that Thompson had just opened and entered. Thompson was arrested.

After being transported to the precinct, Murray was released in approximately an hour on a C-Summons. The officers further learned once at the precinct that Thompson was on probation and that Baldwin and Richardson had active warrants. Ultimately, Baldwin and Thompson had their charges dismissed for lack of a speedy trial under CPL 30.30.

Malicious Prosecution/Denial of Fair Trial

Plaintiffs' malicious prosecution and fair trial claims are cannot survive summary judgment. First, Murray does not have a viable malicious prosecution claim because (a) the summons is not a criminal prosecution for the purposes of malicious prosecution, Azeez v. City of N.Y., 790 F. App'x 270, 274 (2d Cir. 2019), and (b) there was no favorable termination because the summons was dismissed for facial insufficiency. Neal v. Fitzpatrick, 250 F. Supp. 2d 153, 155 (E.D.N.Y. 2003) (citing Breen v. Garrison, 169 F.3d 152 (2d Cir. 1999). Similarly, Baldwin and Thompson may not maintain their malicious prosecution claims because the prosecutions were not favorably terminated insofar as the prosecutions were dismissed on C.P.L. § 30.30 grounds. See, e.g., Tavares v. The City of N.Y., No. 17-cv-5221-KAM-RML, Dkt. No. 69, at *16 (E.D.N.Y. Apr. 6, 2020) ("A dismissal on speedy trial grounds does not affirmatively indicate their innocence, as required under Section 1983.").

Plaintiffs' denial of fair trial claims are equally unsupported. As to Murray, he may not maintain a denial of fair trial claim because he cannot show a deprivation of liberty insofar as he was not criminal prosecuted, but, rather, was issued a summons. Burg v. Gosselin, 591 F.3d 95, 98 (2d Cir. 2010)("the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure"). And as to all plaintiffs, they may not maintain a denial of fair trial claim because they cannot show a favorable termination for the reasons stated above. See, e.g., Smalls v. Collins, 14-cv-2326-CBA-RML, Dkt. No. 147, at *10-15 (E.D.N.Y. Mar. 16, 2020).

For all these reasons, defendants are entitled to summary judgment on plaintiffs' claims for malicious prosecution and denial of a right to fair trial, and request permission to move forward with their anticipated motion.

Respectfully submitted,

*Brian Zapert* /S/
Brian Zapert
*Senior Counsel*